**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————————

**No. 03-7645**

———————————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ALBERT F. IAQUINTA,

Defendant - Appellant.

———————————————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, Senior District Judge. (CA-98-764-5)

———————————————

Submitted: May 7, 2004                    Decided: June 15, 2004

———————————————

Before WIDENER, TRAXLER, and DUNCAN, Circuit Judges.

———————————————

Affirmed by unpublished per curiam opinion.

———————————————

James B. Craven, III, Durham, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, R. A. Renfer, Jr., Assistant United States Attorney, Michelle T. Fuseyamore, Special Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

———————————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Albert F. Iaquinta appeals from the district court's order determining that he still meets the criteria for civil commitment under 18 U.S.C. § 4246 (2000). We affirm.

Iaquinta was charged in the District of New Jersey in 1994 with threatening to kill President Clinton, in violation of 18 U.S.C. § 871(a) (2000). He was never tried. Rather, due to his "psychotic and disruptive" behavior after being charged, the District of New Jersey ordered a psychological evaluation under 18 U.S.C. § 4246(b) to determine if Iaquinta should be civilly committed for being a danger to others or their property. Iaquinta was eventually transferred to FCI-Butner, North Carolina. On October 2, 1998, FCI-Butner filed a Certificate of Mental Disease or Defect and Dangerousness and recommended that Iaquinta be committed to the custody of the Attorney General under § 4246. On February 16, 1999, the Eastern District of North Carolina agreed and ordered Iaquinta committed to the custody of the Attorney General for suffering from a mental defect that makes him a danger to others or their property.

On February 2, 2000, and again on July 7, 2001, motions were filed to determine if Iaquinta still met the criteria for commitment under § 4246. On both motions, the district court determined that he did. On November 18, 2002, a third motion was filed to determine if his commitment was still warranted, the

denial of which is the subject of this appeal. After holding hearings on this motion, the district court ordered that Iaquinta's commitment to the custody of the Attorney General under § 4246 be continued because he still met the requirements for such commitment.

Under § 4246, if, after a hearing, a district court determines a person is suffering from a mental disease or defect that would create a substantial risk of bodily injury to another person or serious damage to property of another, the court may commit the person to the custody of the Attorney General. Once committed, an individual may periodically move for a hearing under 18 U.S.C. § 4247(h) (2000) to determine whether the committed person should be discharged from commitment under § 4246. To obtain release from commitment, the district court must find that the committed person has recovered from his mental disease or defect to such an extent that his release would no longer pose a substantial risk of harm to others. See 18 U.S.C. § 4246(e). This court will overturn a district court's finding that a substantial risk of harm exists only if the finding is clearly erroneous. United States v. Cox, 964 F.2d 1431, 1433 (4th Cir. 1992). A finding is clearly erroneous when "the reviewing court is left with the definite and firm conviction that a mistake has been committed." Faulconer v. Commissioner, 748 F.2d 890, 895 (4th Cir. 1984).

We have thoroughly reviewed the materials submitted by the parties in this matter and conclude that the district court's determination that Iaquinta still meets the requirements for commitment under § 4246 was not clearly erroneous. We therefore affirm the order of the district court continuing Iaquinta's commitment under § 4246. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED